```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  NORTHERN DIVISION


ELI MACK,                         )
                                  )
     Plaintiff,                   )
                                  )
vs.                               )    CIVIL ACTION 09-00101-KD-B
                                  )
WILCOX COUNTY COMMISSION,         )
                                  )
     Defendant.                   )
```

### REPORT AND RECOMMENDATION

This case is before the Court on Defendant Wilcox County Commission's Motion to Dismiss and Motion to Strike Portions of Plaintiff's Complaint, and supporting Brief. (Docs. 7, 8). Defendants' Motion and supporting Brief have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based upon a careful review of Defendant's Motion and Brief, and the pleadings on file, the undersigned **RECOMMENDS** that Defendants' Motion be **GRANTED**, that Plaintiff's Title VII claims be dismissed with prejudice, that Plaintiff's § 1981 claims be dismissed without prejudice, and that Plaintiff be granted leave to amend his Complaint.

### I.   Background

Plaintiff Eli Mack, proceeding *pro se*, filed the instant action on February 27, 2009 against the Wilcox County Commission. (Doc. 1) In his Complaint, Plaintiff alleges that he "observed and/or otherwise experienced race discrimination in the terms and conditions of his employment," and that "Defendant engages in a pattern and practice of discrimination against African-Americans

(blacks) with respect to their employment relative to wages paid for services rendered." Specifically, Plaintiff alleges that "African-Americans are paid substantially less than their white co-employees for performing the same or similar duties." According to Plaintiff, "subsequent to the EEOC's issuance of its determination that he was a victim of race discrimination by the Defendant, he was subjected to further deprivation of his federally protected civil rights. Namely, the Defendant retaliated against him by terminating his employment." (Doc. 1, p. 3).

In Count one of his Complaint, Plaintiff adopts by reference his earlier allegations, and asserts that he has been discriminated against and treated differently than white employees solely because of his race, African-American, in violation of Title VII. In Count two of his Complaint, Plaintiff adopts by reference his earlier allegations, and asserts that as a result of Defendant's unlawful discriminatory employment practices, he has been deprived of his right to make, modify, perform, enter and enforce contracts to the full and equal benefits as that enjoyed by Defendant's white employees, in violation of 42 U.S.C. § 1981 and § 1981 (a). In Count three of his Complaint, Plaintiff adopts by reference his earlier allegations, and asserts that he was retaliated against for complaining about Defendant's conduct to the EEOC. Plaintiff further alleges that he was retaliated against for opposing or participating in opposition to the Defendant's discriminatory business practices in violation of Title VII and 42 U.S.C. § 1981. Plaintiff seeks declaratory and injunctive relief as well as backpay, front pay, and compensatory and punitive damages. (Doc. 1,

pp. 5-6)

As noted supra, Defendant seeks the dismissal of Plaintiff's Complaint. Defendant argues that Plaintiff cannot state a claim under Title VII because his charge of discrimination was untimely filed. According to Defendant, Plaintiff was notified of the decision to eliminate the funding for his position in October 2007; however, Plaintiff did not file his charge with EEOC until August 27, 2008. Additionally, Defendant argues that the claims raised in Plaintiff's Complaint are beyond the scope of his EEOC charge.

Defendant also asserts that paragraphs 5, 6, 11 and 12 of Plaintiff's Complaint should be stricken as "impertinent and scandalous because they are untrue." Defendant further asserts that Plaintiff's Section 1981 claims should be dismissed because it is difficult to decipher those claims, and because Plaintiff has failed to sufficiently allege a claim for racial discrimination in violation of 42 U.S.C. § 1981 because he has provided no facts that, if proven true, would support such a claim. The decision to eliminate Plaintiff's position was made before he filed any EEOC charge. Although Plaintiff was directed to file a response to Defendant's motion, he failed to do so. (Docs. 9, 12)

## II. <u>Discussion</u>

### A. Legal Standard

In considering a Rule 12(b)(6) motion to dismiss, the court accepts the non-moving party's allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. <u>Ashcroft v. Iqbal</u>, 556 U.S. --,129 S. Ct. 1937, 1949, 173 L. Ed. 2d

868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court makes reasonable inferences in the plaintiff's favor, "but [is] not required to draw plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also Iqbal, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court makes reasonable inferences in the plaintiff's favor, "but [is] not required to draw plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also Iqbal, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

The Court recognizes Plaintiff's *pro se* status and the fact that the allegations of a *pro se* complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers...." Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972).  However, Plaintiff's *pro se* status does not excuse him for compliance with applicable procedural rules, including the Rule 8 pleading requirement.  *See* Local Rule 83.9(b)("All litigants proceeding pro se shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); Moon v. Newsome, 863 F. 2d 835, 837 (11th Cir. 1989)(a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure").  Additionally, the leniency afforded *pro se* litigants does not give the courts a license to serve as de facto counsel for such litigants. *See* GJR Investments, Inc. v. County of Escambia, Fla., 132 F. 3d 1359, 1369 (11th Cir. 1998).

**B. Count One of Plaintiff's Complaint.**

In Count One of Plaintiff's Complaint, he alleges violations of Title VII. Incorporating the general allegations contained in Plaintiff's Complaint, and those contained in Count One of the Complaint, Plaintiff essentially alleges that African American employees are discriminated against, and that they are paid less than white employees.  Plaintiff also alleges that, after filing his

EEOC charge, Defendant retaliated against him by terminating his employment.

"No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." <u>Alexander v. Fulton County</u>, <u>Georgia</u>, 207 F. 3d 1303, 1332 (11th Cir. 2000). A plaintiff's judicial complaint is limited by the scope of the EEOC investigation that "can reasonably be expected to grow out of the charge of discrimination." <u>Id</u>. at 1332.  The purpose of the exhaustion requirement "is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." <u>Gregory v. Georgia Dep't of Human Resources</u>, 355 F. 3d 1277, 1279 (11th Cir. 2004). The Eleventh Circuit has stressed that "judicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC charge; however, allegations of new acts of discrimination are inappropriate. <u>Id</u> at 1279-80.  The Court has also stressed that "the scope of an EEOC Complaint should not be strictly interpreted."  <u>Id</u>. at 1280. *See also* <u>Sanchez v. Standard Brands, Inc</u>., 431 F. 2d 455, 466 (5th Cir. 1970)(noting that the allegations in a judicial complaint filed pursuant to Title VII may encompass any kind of discrimination like or related to the allegations contained in the charge).  Accordingly, this Court must determine if the Title VII claims in Plaintiff's Complaint are like

6

or related to, or grew out of, the allegations contained in his EEOC charge.  See Gregory, 355 F. 3d at 1280.

In this case, Plaintiff attached his EEOC Charge, dated August 27, 2008, and other documents to his Complaint[1].  On the Charge, Plaintiff checked the boxes indicating discrimination based on race, religion, and retaliation.  In addition, Plaintiff listed the earliest date of discrimination as October 1, 2007, and the latest date of discrimination as May 10, 2008.  In the Charge, Plaintiff alleges as follows:

> In October 2007, my position was not funded which did not allow me to continue to work full-time. I was paid through May 10, 2008.  One of the Commissioner told me that he was a Mason.  The employer retaliated against me for filing a complaint against a Commissioner with the ethics Committee and the Attorney General.  The employer does not have a personnel manual which allows them to ignore qualifications, seniority and pay of employees and hire from the outside.  The Commissioners are mostly Black and the county employees are 95% black which allows no recourse or avenue to address grievances.  The employer has a white librarian and they fully funded her budget.
>
> I believe I have been discriminated against because

---

[1] As a general rule, the district court must "limit[] its consideration to the pleadings and exhibits attached thereto" when deciding a Rule 12(b)(6) motion to dismiss. Grossman v. Nationsbank, N.A., 225 F. 3d 1228, 1231 (11th Cir. 2000); Brooks v. CSX Transportation, 2009 U.S. Dist. LEXIS 89474 (M.D. Fla. September 29, 2009). If parties present evidence outside the pleadings, and the district court considers that evidence, then the motion to dismiss is converted into one for summary judgment. See Fed. R. Civ. P. 12(b)(6).  In this case, Plaintiff attached a copy of his EEOC charge, as well as other documents, to his Complaint.  Accordingly, his EEOC charge can be considered by the Court without converting the instant motion into one for summary judgment.

>   of my race, religion (Muslim) and in retaliation not
>   having my position fully funded in violation of Title
>   VII of the Civil Rights Act of 1964, as amended.

(Doc. 1)

A searching review of Plaintiff's EEOC charge does not reflect any allegations regarding pay disparities between black and white employees. While Plaintiff complains that his position was not fully funded in October 2007, and that the budget of a white librarian was fully funded, there is nothing in the charge pertaining to pay disparities. Clearly, an EEOC investigation into Plaintiff's allegation about the budgeting disparity would not reasonably lead the EEOC to investigate alleged pay disparities between black and white employees. In other words, because Plaintiff's pay disparity allegations do not clarify, amplify or more clearly focus the allegations in Plaintiff's EEOC charge, but are instead allegations of new acts of discrimination, they are beyond the scope of Plaintiff's EEOC charge, and as a result, are not properly before the Court. The undersigned therefore recommends that Plaintiff's Title VII claim for pay disparities be dismissed because it is beyond the scope of his EEOC charge.

As noted supra, Plaintiff also alleges that, after filing his EEOC charge, Defendant retaliated against him by terminating his employment in violation of Title VII. To establish a prima facie case of retaliation, Plaintiff must show that 1) he participated in an activity protected by Title VII, 2) he suffered an adverse

employment action; and 3) there is a causal connection between participation in the protected activity and the adverse decision. Gupta v. Florida Board of Regents, 212 F. 3d 571, 587 (11th Cir. 2000), cert. denied, 531 U.S. 1076, 121 S. Ct. 772, 148 L. Ed. 2d 671 (2001).

In its motion, Defendant argues that the decision to cut funding for Plaintiff's position from the county's budget was made long before Plaintiff filed his EEOC charge; thus, his claim must fail because his EEOC charge could not have been causally related to the decision to cut funding. In Plaintiff's EEOC charge, which was attached to his Complaint, Plaintiff alleges that in October 2007, his position was not funded, and as a result, he could not continue to work full-time. Plaintiff also alleges that he was paid through May 10, 2008, the date which he lists as the last date upon which the discrimination took place. Given that Plaintiff's EEOC charge reflects that it was executed by Plaintiff on August 27, 2008, and was received by EEOC on September 10, 2008, it stands to reason that the EEOC charge could not have triggered Plaintiff's termination because by his own admission, Plaintiff's employment ended on May 10, 2008. Thompson v. Potomac Elec. Power Co., 312 F. 3d 645, 651 (4th Cir. 2002)(Even if a protected activity and adverse employment action are shown, the employee must satisfy the causation element to establish a prima facie retaliation case. The employee must show that the adverse employment action took place *after* the

protected activity.) Accordingly, accepting Plaintiff's allegations as true, they are not sufficient to state a claim for retaliation under Title VII because the alleged protected activity, the filing of the EEOC charge, came *after* the termination. The undersigned therefore recommends that Plaintiff's Title VII claim for retaliation be dismissed.

**C. Count Two of Plaintiff's Complaint.**

In Count Two of Plaintiff's Complaint, he alleges violations of 42 U.S.C. § 1981 and § 1981(a).  Incorporating the general allegations contained in Plaintiff's Complaint, and those contained in Count Two of his Complaint, Plaintiff essentially alleges that African American employees are discriminated against, and that they are paid less than white employees.  Plaintiff also alleges that after filing his EEOC charge, Defendant retaliated against him by terminating his employment.  Additionally, Plaintiff alleges that he has been deprived of the "right to make, modify, perform, enter and enforce contracts to the full and equal benefits as that enjoyed by defendant's white employees," in violations of 42 U.S.C. § 1981 and 42 U.S.C. § 1981(a).

In its Motion to Dismiss, Defendant argues that Plaintiff's retaliation claims are barred because the decision to cut the funding for Plaintiff's position from the County's budget was made long before Plaintiff filed any EEOC charge; thus, it cannot be causally related to his EEOC Charge. Defendant further asserts that

10

Plaintiff's other 1981 claims are puzzling and that it is impossible to decipher the nature of the unlawful discriminatory employment practices referenced by Plaintiff.  According to Defendant, Plaintiff has failed to sufficiently allege a claim for racial discrimination under 1981 because he has provided no facts that, if proven, would support such a claim.

Racial employment discrimination and retaliation are actionable under 42 U.S.C. § 1981.  Section 1981(a) provides, in pertinent part, that "All persons . . . shall have the same right in every State . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws . . . as is enjoyed by white citizens. . . ." 42 U.S.C. §1981(a). Notwithstanding the protections afforded by § 1981, as noted supra, Plaintiff's claim that he was terminated because he filed an EEOC fails to state a claim because the documents submitted with Plaintiff's Complaint establish that Plaintiff's termination preceded his EEOC charge; thus, the charge could not have triggered Plaintiff's termination and as a result, was not causally related to the discharge.

Additionally, the undersigned observes that while Plaintiff's Complaint includes a lot of legal descriptions and conclusions, which are not sufficient to state a plausible claim, Plaintiff does allege that black employees were paid less than white employees and were subjected to other disparate treatment on account of their

11

race.  Taking into account Plaintiff's *pro se* status, the undersigned finds that such allegations are sufficient to state a claim under § 1981.  However, the law is clear that claims against state actors for violations of § 1981 claim must be brought pursuant to 42 U.S.C. § 1983.  Bryant v. Jones, 575 F. 3d 1281, 1288, n.1(11th Cir. 2009)(§ 1981 "does not provide an implicit cause of action against state actors; therefore § 1983 constitutes the exclusive federal remedy for violation of state actors of the rights guaranteed under § 1981.")(citing Butts v. County of Volusia, 222 F.3d 891, 894-95 (11th Cir. 2000)).  Because Defendant Wilcox County Commission is a state actor, Plaintiff cannot bring an independent claim under § 1981.  Plaintiff's remedy for alleged § 1981 violations is through § 1983.  Dunklin v. Montgomery County Board of Education, 2009 U.S. Dist. LEXIS 75204 (M.D. Ala, Aug. 24, 2009).  Accordingly, the undersigned recommends that Defendant's Motion to Dismiss Plaintiff's § 1981 claims against the Wilcox County Commission be granted.

**D. Count Three of Plaintiff's Complaint.**

In Count Three of Plaintiff's Complaint, he alleges violations of 42 U.S.C. § 1981 and § 1981(a).  Incorporating the general allegations contained in Plaintiff's Complaint, and those contained in Counts Two and Three of the Complaint, Plaintiff essentially alleges that African American employees are discriminated against, and that they are paid less than white employees.  Plaintiff also

12

alleges that after filing his EEOC charge, Defendant retaliated against him by terminating his employment. For the reasons set forth above, the undersigned recommends that Defendant's Motion to Dismiss Plaintiff's § 1981 claims against the Wilcox County Commission be granted.

### E. Plaintiff's Demand for Punitive Damages.

"Punitive damages are available in discrimination actions, provided they are not against the government or a governmental agency." Erickson v. Hunter, 932 F. Supp. 1380, 1385 (M.D. Fla. 1996); *See also* 42 U.S.C. § 1981a(b)(1)(2006)("A complaining party may recover punitive damages [in a discrimination action] against a respondent(other than a government, government agency or political subdivision)"(emphasis supplied)). As Defendant County Commission is a governmental entity, Plaintiff cannot recover punitive damages against it. Accordingly, Defendant's motion to dismiss Plaintiff's demand for punitive damages should be granted.

### F.  Opportunity to Cure.

Having determined that Defendant's Motion to Dismiss Plaintiff's Complaint is due to be granted, the question becomes whether the dismissal should take effect at this time or whether Plaintiff should be given an opportunity to replead his claims. The law in this Circuit is clear that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008,

1014 (11th Cir. 2005). Plaintiff has not requested such an opportunity here. That omission would be fatal if Plaintiff were represented by counsel. *See* Wagner v. Daewoo Heavy Industries America Corp., 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). However, the Eleventh Circuit has never announced whether the Wagner rule applies to claims brought by a pro se plaintiff, and the Court will assume for purposes of this Order that it does not. *See* Wagner, 314 F.3d at 542 n.1 ("In this opinion, we decide and intimate nothing about a party proceeding pro se."). Accordingly, the undersigned recommends that Plaintiff, who is proceeding *pro se*, be granted leave to amend his Complaint, in an effort to replead his § 1981 claims under 42 U.S.C. § 1983. See Pears v. Mobile County, 2009 U.S. Dist. LEXIS 31310 (S.D. Ala., April 13, 2009)(court granted dismissal of the plaintiff's § 1981 claims against the county and the police department, and held that the plaintiff could pursue a § 1983 claim against the county and the police department premised on alleged violations of § 1981 by these entities.)

## II.     Conclusion

For the reasons set forth herein, the undersigned recommends that Defendants' Motion be GRANTED, that Plaintiff's Title VII

claims be dismissed with prejudice, that Plaintiff's § 1981 claims be dismissed without prejudice, and that Plaintiff be granted leave to amend his Complaint[2].

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **6th day of November, 2009.**

                **/s/ SONJA F. BIVINS**
                **UNITED STATES MAGISTRATE JUDGE**

---

[2] In light of the recommendation that Defendant's motion be granted, Defendant's request to strike paragraphs contained in Plaintiff's Complaint is moot. However, in repleading his Complaint, Plaintiff should take caution to avoid factual assertions that are clearly belied by the record evidence.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **<u>Transcript (applicable where proceedings tape recorded)</u>**.

Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                    **/s/SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**